# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3011
Lower Tribunal No. 2019-CA-010562-O

_____

CBRE, INC.,

Appellant,

v.

DIDIERGROUP, LLC, BLAKE PLUMLEY, CAPITAL PURSUITS, LLC, and RISON
CORNERS PROPERTY, LLC,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
John E. Jordan, Judge.

March 13, 2026

NARDELLA, J.

This is an appeal following a jury trial where the jury found CBRE, Inc. liable to DidierGroup, LLC ("DG") for tortious interference with a business relationship and for aiding and abetting a DG employee in breaching his fiduciary duty to DG. On appeal, CBRE raises several issues, only one of which warrants reversal. CBRE rightly argues that the trial court erred in refusing its request for setoff.

Setoff determinations are governed by sections 768.041 and 46.015, Florida Statutes. These provisions are "nearly identical"; section 768.041(2) applies to tort

actions, while section 46.015(2) applies to all other actions, including actions on contracts. *Addison Constr. Corp. v. Vecellio*, 240 So. 3d 757, 764 (Fla. 4th DCA 2018). Section 46.015(2), Florida Statutes, states:

> At trial, if any person shows the court that the plaintiff, or his or her legal representative, has delivered a written release or covenant not to sue to any person in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment.

Likewise, section 768.041(2), Florida Statutes, states:

> At trial, if any defendant shows the court that the plaintiff, or any person lawfully on her or his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.

Setoff statutes are "designed to prevent duplicate or overlapping compensation for identical damages." *Cornerstone SMR, Inc. v. Bank of Am., N.A.*, 163 So. 3d 565, 569 (Fla. 4th DCA 2015). The test for determining whether a double recovery would result in the absence of a setoff is whether the damages "sued for" against the settling parties and the non-settling parties are "identical." *Addison*, 240 So. 3d at 767. In this appeal, CBRE has shown that identical damages would be recovered from both parties if setoff were not allowed.

DG asserted two claims for damages against CBRE, each of which were also asserted against Rison Corners Property, LLC ("RCP"). Specifically, DG's claims

2

for tortious interference (Count VII) and aiding and abetting breach of fiduciary duty (Count VIII) were asserted against both CBRE and RCP. In both Count VII and Count VIII, DG sought recovery of its "actual damages," which it alleged included "all actual profits . . . and/or all anticipated profits to be earned by the [DG]. . . ." Before trial, DG and RCP reached a settlement, after which the trial court granted CBRE leave to assert an affirmative defense of setoff arising from the RCP settlement. Nevertheless, when CBRE moved for setoff after trial, the trial court summarily denied CBRE's motion. This was error. Accordingly, we reverse the order summarily denying setoff and remand the case for the trial court to determine the proper amount of setoff and enter an amended final judgment accordingly.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

STARGEL and SMITH, JJ., concur.


Elliot H. Scherker, Brigid F. Cech Samole, and Bethany J. M. Pandher, of Greenburg Traurig, P.A., Miami, for Appellant.

Celene H. Humphries, of Celene Humphries, PLLC, Spring City, Tennessee, and Christopher T. Hill and Rachel A. O'Brien, of Hill, Rugh, Keller & Main, P.L., Orlando, for Appellee, DidierGroup, LLC.

No Appearance for Appellees, Blake Plumley, Capital Pursuits, LLC, and Rison Corners Property, LLC.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED